UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JUSTIN NEWSOME, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 6:20-CV-63-HAI |
| v. ) | |
| ) | MEMORANDUM OPINION & ORDER |
| ANDREW SAUL, *Commissioner of Social* ) | |
| *Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 13, 2017, Plaintiff Justin Newsome filed a protective Title II application for disability insurance benefits. *See* D.E. 12-1 at 12.[1]  This is after significant regulatory changes took effect on March 27, 2017, including significant revision to the "treating source rule". *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01.  Newsome dates the beginning of his disability period to October 12, 2016.  D.E. 12-1 at 12.  His date last insured was December 31, 2019.  *Id.*

Newsome claims he is disabled due to "chronic, severe, debilitating pain" resulting from past injuries to his legs and back. *See* D.E. 15-1 at 3.  The Social Security Administration denied Newsome's claims initially and upon reconsideration.  D.E. 12-1 at 12.  Then, on September 20, 2018, upon Newsome's request, Administrative Law Judge ("ALJ") Brandie Hall conducted an administrative hearing.  *Id.* at 28.  The ALJ heard testimony from Newsome and impartial vocational expert ("VE") Jane Hall.  *Id.*

---

[1] References to the administrative record are to the large black page numbers at the bottom of each page.

Newsome was 33 years old at the alleged onset date. D.E. 12-1 at 20. His previous employment "includes time as an LPN, RN, and an EMT." D.E. 15-1 at 3. At the time of the hearing, he was "pursuing a Master's Degree in Family Nurse Practitioner." *Id.* The VE testified that, given the combined limitations in Newsome's residual functional capacity, Newsome would be unable to do his past work as both generally and actually performed. D.E. 12-1 at 20. Although the ALJ found Newsome was "unable to perform any past relevant work," *id.*, the ALJ also found he had the Residual Functional Capacity ("RFC") to perform medium work, *id.* at 17, and that through the date he was last insured "there were jobs that existed in significant numbers in the national economy" that Newsome could perform, *id.* at 22. Accordingly, the ALJ found Newsome was "not under a disability" between the alleged onset date and the date last insured. *Id.* at 22.

Newsome brings this action under 42 U.S.C. §§ 405(g) and 1383(c) to obtain judicial review of the ALJ's decision denying his application for disability insurance benefits. Well after both parties filed motions for summary judgment (D.E. 15, 17), both parties consented to the referral of this matter to a magistrate judge (D.E. 18). Accordingly, this matter was referred to the undersigned to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The Court, having reviewed the record and for the reasons stated herein, **DENIES** Plaintiff's motion for summary judgment (D.E. 15) and **GRANTS** the Commissioner's motion for summary judgment (D.E. 17).

### I. The ALJ's Decision

Under 20 C.F.R. §§ 404.1520, 416.920, an ALJ conducts a five-step analysis to evaluate a disability claim.[2] The ALJ followed these procedures in this case. *See* D.E. 12-1 at 12-22.

---

[2] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

At the first step, if a claimant is working at a substantial gainful activity, he is not disabled. 20 C.F.R. § 404.1520(b). In this case, the ALJ found that Newsome "has not engaged in substantial gainful activity since October 12, 2016, the alleged onset date." D.E. 12-1 at 14.

At the second step, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). The ALJ found that Newsome has the following severe impairments: "degenerative disc disease of the thoracic and lumbar spine with Scheuermann's disease, left knee effusion/tear, and obesity." D.E. 12-1 at 14.

At the third step, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, then he is disabled. 20 C.F.R. § 404.1520(d). The ALJ found Newsome failed to meet this standard. D.E. 12-1 at 16. According to the ALJ, Newsome did not allege that his physical impairments met a listing. *Id*.

If, as here, a claimant is not found disabled at step three, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"), which is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. The ALJ found Newsome had the RFC

> to perform light work as defined in 20 C.F.R. § 404.1527(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds. He can perform no more than occasional climbing of ramps and stairs or stooping. He can never push,

---

To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520. Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

3

pull, or operate foot controls with the left lower extremity. He can never kneel, crouch or crawl. He must avoid all exposure to workplace hazards, such [as] dangerous, moving machinery and unprotected heights.

D.E. 12-1 at 17. Newsome's objections essentially center on the ALJ's RFC finding.

At the fourth step, if a claimant's impairments do not prevent him from doing past relevant work (given the ALJ's assessment of his residual functional capacity), he is not disabled. 20 C.F.R. § 404.1520(f). The ALJ found that Newsome met this disability standard—he was "unable to perform any past relevant work." D.E. 12-1 at 20.

At the fifth step, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from doing other work that exists in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g). The ALJ found Newsome was not disabled at this step. D.E. 12-1 at 20-21. The ALJ explained that she asked the VE at the hearing "whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." *Id*. She accepted the VE's testimony that Newsome could find work as, for example, a mail sorter, routing clerk, or merchandise marker. *Id.* at 21. Newsome was therefore "not disabled" as defined by the regulations. *Id*.

Accordingly, on January 18, 2019, the ALJ issued an unfavorable decision, finding that Newsome was not disabled, and was therefore ineligible for disability insurance benefits. D.E. 12-1 at 22. The Appeals Council declined to review the ALJ's decision on January 17, 2020. *Id.* at 1.

## II. Framework for Judicial Review

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th

4

Cir. 2007). Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

In determining the existence of substantial evidence, courts must examine the record as a whole. *Id.* (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)). However, courts are not to conduct a *de novo* review, resolve conflicts in evidence, or make credibility determinations. *Id.* (citations omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988). Rather, if the ALJ's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *see also Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Mullen*, 800 F.2d at 545; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Disability determinations often hinge on the claimant's credibility. The ALJ must consider statements or reports from the claimant. 20 C.F.R. § 404.1529(a). To determine whether statements of a claimant are credible, the following two-part test is used:

> First, the ALJ will ask whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's

symptoms. Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007) (citing 20 C.F.R. § 416.929(a)).[3] It is within the province of the ALJ, rather than the reviewing court, to evaluate the claimant's credibility. *Rogers*, 486 F.3d at 247 (citing *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 644 (6th Cir. 1990); *Kirk v. Sec'y of Health & Human Servs*., 667 F.2d 524, 538 (6th Cir. 1981)). Even so, the credibility determinations of the ALJ must be reasonable and supported by substantial evidence. *Rogers*, 486 F.3d at 249.

### III. Dr. Breeding's Opinion

Newsome raises two arguments. First, he argues the ALJ's non-disability finding was "against the weight of evidence based on objective findings of the treating physician." D.E. 15-1 at 10. The "treating physician" in question is Dr. Matt Breeding, whom the Commissioner describes as Newsome's "primary care physician." D.E. 17 at 9. Newsome visited Dr. Breeding almost 50 times from October 2015 to August 2018, almost always for back pain. D.E. 15-1 at 6. Dr. Breeding offered his own Residual Functional Capacity assessment for Newsome. *See* D.E. 12-1 at 641-55. According to Dr. Breeding's assessment, Newsome can "rarely" stand or sit for more than 30 minutes, cannot carry more than five pounds, and Newsome's daily

---

[3] In 20 C.F.R. § 404.1529, the Social Security Administration informs claimants that, in certain credibility determinations, the following factors should guide the analysis of the agency decision makers:

> (i) Your daily activities; (ii) The location, duration, frequency, and intensity of your pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms; (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms; (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1037-38 (6th Cir. 1994).

activities are limited due to chronic spinal pain that also causes anxiety and depression. D.E. 15-1 at 6. According to Dr. Breeding,

> [Newsome's] condition will only continue to deteriorate and has notably done so in the past few years of his treatment. His activity is extremely limited by his condition and should be. He could easily injure himself to a point that would result in permanent paralysis or death. It is in my opinion this patient cannot work and will unlikely lead a normal life due to his limitations.

D.E. 12-1 at 655.

Newsome's argument relies on the now-rescinded treating-source rule. He argues: "In general, there are three types of medical evidence sources: l) treating doctors, 2) examining doctors, and 3) reviewing (or non-examining doctors). As a **rule** (emphasis added) 'the Social Security Administration favors the opinion of a treating physician over a non-treating physician.' 20 C.F.R § 416.927." D.E. 15-1 at 10. Newsome also claims that under the regulations Dr. Breeding's opinion "should be given controlling weight." *Id*. at 11. And he argues that the ALJ erred by failing to apply the factors that § 404.1527(c) requires to be considered before a treating source's opinion can be denied controlling weight. *Id*. at 12.

However, Newsome cannot avail himself of what is known as the treating-source rule. The rules he cites from §§ 416.927 and 404.1527 apply only to claims filed before March 27, 2017. Newsome's claim was filed in April 2017. D.E. 15-1 at 2. The newer regulations, which govern his claim, do not categorize medical opinions into treating or non-treating sources. 20 C.F.R. § 416.920c. To the extent that Newsome's argument hinges on the applicability of the treating-source rule, it fails because that rule is not applicable to his application.

Under the current rules, all medical opinions are weighed in light of several factors: supportability, consistency, relationship with the claimant, specialization, and any other relevant

7

factors. 20 C.F.R. § 416.920c(c). Supportability and consistency "are the most important factors" in weighing medical opinions. *Id.* § 416.920c(b)(2).

Here, the ALJ explained her determination that Dr. Breeding's RFC was "unpersuasive" because it was unsupported by and inconsistent with the record. D.E. 12-1 at 19-20. After discussing Newsome's daily activities (*id.* at 17), describing the results of Newsome's scans and physical tests (*id.* at 18-19), and explaining why the state agency medical consultant's opinion was persuasive (*id.* at 19), the ALJ concluded that Dr. Breeding's restrictive RFC was "not supported by or consistent with the objective medical evidence discussed above, including Dr. Breeding's own examinations of the claimant" (*id*). The ALJ further noted that Newsome's "most recent exam and review of MRI data by a neurosurgeon" also conflicted with Dr. Breeding's opinion. *Id.* at 20. The ALJ concluded that Dr. Breeding's RFC was based more on Newsome's subjective complaints "than the objective medical evidence." *Id.*[4]

The ALJ's thorough written decision reflects that the ALJ considered the entire record and explained her reasons for crediting some sources of information over others. Newsome asks this Court to weigh the evidence. But his argument fails to surmount the "substantial evidence" standard. Under the Court's deferential standard of review, the ALJ's RFC finding must be affirmed.

## IV. The Questions to the Vocation Expert

Newsome's other argument is that the ALJ's ultimate finding of non-disability is "against the substantial weight of evidence based on a flawed hypothetical question." D.E. 15-1 at 13. As described in the ALJ's opinion, the ALJ asked the vocation expert, "whether jobs exist in the

---

[4] As for Newsome's subjective complaints, the ALJ found that Newsome's "statements concerning the intensity, persistence, and limiting effects" of his symptoms were "not entirely consistent" with the evidence in the record. D.E. 12-1 at 18.

8

national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." D.E. 12-1 at 26. According to the transcript, the ALJ posed three hypothetical questions to the VE, and the second hypothetical tracks the RFC the ALJ ultimately adopted. D.E. 12-1 at 17 (opinion-RFC), 78-80 (transcript). The ALJ's opinion adopted the VE's response on the second hypothetical. *Id.* at 26.

First, Newsome argues that the hypotheticals "failed to include concentrational limitations brought on by anxiety and depression." D.E. 15-1 at 14. The ALJ, according to Newsome, failed to include "adequate limitations for concentration, persistence, and pace." *Id*. But then Newsome fails to develop this argument further. His motion identifies no evidence in the record establishing the need for such "concentrational limitations." Dr. Breeding's opinion, upon which Newsome elsewhere relies, does mention the effects of anxiety and depression on Newsome's "mood" and "social interactions," but does not address his ability to concentrate. D.E. 12-1 at 649, 653.

"Issues averted to in a perfunctory manner and without developed argumentation are deemed waived." *United States v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 782 F.3d 260, 264 n.2 (6th Cir. 2015), *cert. denied sub nom. Chattanooga-Hamilton Cnty. Hosp. Auth. v. U.S. ex rel. Whipple*, No. 15-96, 2015 WL 4468044 (U.S. Oct. 5, 2015). It is not a reviewing court's job to craft the petitioner's argument for him. *United States v. Stewart*, 729 F.3d 517, 528 (6th Cir. 2013), *reh'g denied* (Sept. 19, 2013), *cert. denied*, 134 S. Ct. 1044 (2014). Because Newsome does not point the Court to information in the record supporting "concentrational limitations," this argument is undeveloped and therefore waived.

Second, Newsome argues the ALJ's hypothetical question improperly omitted limitations to Newsome's "ability to stand, sit, and lift." D.E. 15-1 at 15. According to Newsome, the ALJ's question should have included Dr. Breeding's opinion that Newsome is:

> 1.) rarely capable of standing or sitting for extended periods of time exceeding thirty (30) minutes, 2.) unable to lift or carry more than five (5) pounds during an eight hour period, 3.) daily activities are limited by chronic spinal pain, and 4.) as a result of the constant pain, Plaintiff is being treated for anxiety and depression.

*Id*. at 14-15. The issue here is really the same as already discussed—whether the ALJ properly credited the opinions of the state medical consultant over the opinion of Dr. Breeding. As already noted, this case is not governed by the treating-source rule. And the ALJ provided adequate reasons, based on the objective medical evidence in the record, for finding Dr. Breeding's opinion "unpersuasive." *See* D.E. 12-1 at 24-25. "It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, there was no error "because the ALJ's hypothetical question incorporated all of the functional limitations that [s]he found to be credible." *Spicer v. Comm'r of Soc. Sec*., 651 F. App'x 491, 494 (6th Cir. 2016).

## V. CONCLUSION

The Court being sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff's Motion for Summary Judgment (D.E. 15) is **DENIED**;

(2) Commissioner's Motion for Summary Judgment (D.E. 17) is **GRANTED**;

(3) **JUDGMENT** will be entered in favor of the Defendant by separate contemporaneous order.

This the 22nd day of April, 2021.



Signed By:
*Hanly A. Ingram*
United States Magistrate Judge